**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**MARK KENDRICK,**              **CASE NO.  2:07-cv-1037**
                                **JUDGE FROST**
      **Petitioner,**       **MAGISTRATE JUDGE KING**

   **v.**

**TIMOTHY BRUNSMAN, Warden,**

      **Respondent.**

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254.  This matter is before the Court on its own motion pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**  Petitioner's request for the appointment of counsel and a team of medical experts, *Petition*, at 33, are **DENIED.**

According to the petition, on February 10, 1983, petitioner was convicted after a trial in the Franklin County Court of Common Pleas on one count of kidnapping, two counts of rape, and four counts of theft.  The trial court sentenced him to ten to fifty years incarceration.  On June 25, 1984, the Ohio Tenth District Court of Appeals affirmed petitioner's convictions and sentence.  In 1985, the Ohio Supreme Court dismissed his subsequent appeal.  Petitioner was apparently released on parole at some point in time; however, on April 24, 2007, his parole was revoked.  *See Notification of Release Violation Hearing*, attached to *Petition*.

On October 10, 2007, *i.e.,* more than twenty years after his sentence was imposed, petitioner

filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. The Petitioner... is unlawfully detained at the Chillicothe Correctional Institution.
>
> 2. The Petitioner was subjected to stealth and forcible surgery – to install, within his person, the physical instrument of [illegible] telephonic shocking apparatus... corporal punishment. While under the pretext and supposed care of Dr. [illegible] and the Oakwood Forensic Center (OFC), in approximately [illegible] November of 1985.
>
> 3. The Petitioner was collaterally denied a full, fair and discrimination free sexual offender adjudication hearing in the Franklin County Court of Common Pleas, on approximately July 29, 1998.
>
> 4. The Petitioner was denied a full, fair and arbitrary free parole release violation hearing, on May 7, 2007.

## STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became effective on April 24, 1996, provides for a one-year statute of limitations on the filing of habeas corpus actions. 28 U.S.C. §2244(d)(1) provides:

> (d)(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

2

>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d)(1),(2).

To the extent that any of petitioner's claims raise an issue regarding his judgment of conviction, which became final prior to April 24, 1996, the effective date of the AEDPA, petitioner had until April 24, 1997, in which to file his federal habeas corpus petition. *See Carey v. Saffold*, 536 U.S. 214, 217 (2002); *Cook v. Stegall*, 295 F.3d 517, 519 (6th Cir. 2002). Yet, petitioner waited until 2007 to file his habeas corpus petition. Further, petitioner has failed to allege any extraordinary circumstances that would justify equitable tolling of the statute of limitations for the time period at issue here. *See Jurado v. Burt*, 337 F.3d 638, 643 (2003).

To the extent that petitioner asserts, in claims one and two, that he is being subjected to torture and to the surgical insertion of an electronic surveillance device into his person by prison officials, such claims are not properly considered in these habeas corpus proceedings because they do not address the fact or length of petitioner's confinement. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also Kirby v. Dutton*, 794 F.2d 245 (6th Cir. 1986).

3

Rather, claims relating to conditions of confinement are ordinarily raised in a civil action under 42 U.S.C. §1983, which provides:

> Civil action for deprivation of rights
>
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

*Id.* This Court will therefore not consider in this habeas corpus action claims one and two of the *Petition.*

In claim three, petitioner asserts that he was denied a fair adjudication as a sexual offender on July 19, 1998. He states that he appealed the sexual offender adjudication "exhaustively," but also complains that he was "denied his right to interject any input into the appeal process," or raise a claim of ineffective assistance of counsel. He also appears to argue in claim three that he was denied medical care, and complains that his attorney attempted to force him to claim mental incompetence. This Court is unable to determine the exact nature of petitioner's allegation in claim three. Even assuming that petitioner has exhausted state remedies as to this claim, *see* 28 U.S.C. §2254(b), (c); *discussion, infra*, the claim nonetheless appears to be barred by the one-year statute of limitations under 28 U.S.C. §2244(d). To the extent that this claim raises an issue regarding the

alleged improper denial of medical care or treatment by prison officials, or other conditions of plaintiff's confinement, the claim is not properly considered in these habeas corpus proceedings. *See Preiser v. Rodriguez, supra; Kirby v. Dutton, supra.*

In claim four, petitioner asserts that he was denied the right to present evidence or confront and cross examine witnesses at his April 24, 2007, parole violation hearing. Petitioner does not indicate that he has presented this claim to any state court. Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993). If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. §2254(b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). Where alternative state remedies are available to consider the same claim, exhaustion of only one of these remedies is necessary. A habeas petitioner bears the burden of demonstrating that he has properly and fully exhausted his available state court remedies with respect to the claims he seeks to present for federal habeas review. *Prather v. Rees*, 822 F.2d 1418, 1420 n.3 (6th Cir. 1987).

Petitioner may present claim four to the state courts in a state habeas corpus petition pursuant to O.R.C. §2725.01 *et seq.*, or in a state writ of mandamus pursuant to O.R.C. §2731.01 *et seq*. *See Papenfus v. Tibbals*, 289 F.Supp.2d 897, 901-902 (N.D. Ohio February 25, 2003), citing *Wright v. Ghee*, 74 Ohio St.3d 465, 467 (1996)(other citations omitted.) Therefore, this claim remains unexhausted.

For all of the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be

**DISMISSED.**

If any party objects to this *Report and Recommendation,* that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir.1981).


October 24, 2007                                                                        *s/Norah McCann King*
                                                                                                    Norah McCann King
                                                                                              United States Magistrate Judge