IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MARK KENDRICK,**

      **Petitioner,**

  v.                                         **CASE NO.  2:07-cv-1037**
                                                      **JUDGE FROST**
                                                        **MAGISTRATE JUDGE KING**

**TIMOTHY BRUNSMAN, Warden,**

      **Respondent.**

**OPINION AND ORDER**

On October 24, 2007, the Magistrate Judge issued a *Report and Recommendation* pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts recommending that the instant petition for a writ of habeas corpus be dismissed.  Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*.  For the reasons that follow, petitioner's objections are **OVERRULED** and this action hereby is **DISMISSED.**

Petitioner again raises all of the same arguments that he previously presented.  He also contends that equitable tolling of the statute of limitations is appropriate because he has been subjected to torture by prison officials which made it impossible for him to timely file this habeas corpus petition.  Additionally, he appears to argue that equitable tolling of the statute of limitations is appropriate because his competency is at issue.  Petitioner's arguments are not persuasive.

As noted by the Magistrate Judge, to the extent that petitioner raises in this habeas corpus petition an issue regarding his 1983 convictions or regarding his July 19, 1998, sexual offender adjudication, the statute of limitations has long since expired.  Further, the record is simply without

support for petitioner's allegation that his incompetence or prison staff prevented him from pursuing federal habeas corpus relief for the time period at issue. *See Price v. Lewis*, 119 Fed.Appx. 725, 726-27, unpublished, 2005 Fed.App. 0012N (6th Cir. Jan. 5, 2005):

> Illness--mental or physical--tolls a statute of limitations only if it actually prevents the sufferer from pursuing his legal rights during the limitations period. *Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir.1996) (discussing mental illness); *Rhodes v. Senkowski*, 82 F.Supp.2d 160, 168-70 (S.D.N.Y.2000) (discussing physical and mental illness and collecting cases).

*Id*. While mental incapacity may warrant equitable tolling of the statute of limitations, *see Cohen v. Dotson*, 2007 WL 3088233 (W.D. Tenn. October 22, 2007), citing *Cantrell v. Knoxville Community Dev. Corp.,* 60 F.3d 1177, 1179-80 (6th Cir.1995),

> the petitioner must make a threshold showing of incompetence, *see Calderon v. United States District Court for Central District of California,* 163 F.3d 530, 541 (9th Cir.1998), and demonstrate that the alleged incompetence affected his ability to file a timely habeas petition. *Nara v. Frank,* 264 F.3d 310, 320 (3d Cir.2001).

*Id.* Petitioner's has failed to meet this standard here. *See id.* It is the petitioner who "bears the... burden of persuading the court that he... is entitled to equitable tolling." *Griffin v. Rogers,* 308 F.3d 647, 653 (6th Cir. 2002). Further, the record does not indicate that equitable tolling of the statute of limitations is appropriate. *See Jurado v. Burt*, 337 F.3d 638, 642-43 (2003), citing *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001); *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988).

Additionally, as discussed by the Magistrate Judge, petitioner's claims relating to the conditions of his confinement or treatment by prison officials are not, in any event, properly considered in these habeas corpus proceedings. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973);

*Kirby v. Dutton*, 794 F.2d 245 (6th Cir. 1986). Such claims are properly brought in a civil action pursuant to 42 U.S.C. §1983. Finally, and again for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, this Court likewise concludes that petitioner has failed to exhaust claim four, which relates to petitioner's April 24, 2007, parole violation hearing.

Pursuant to 28 U.S.C. 636(b)(1), this Court has conducted a *de novo* of the Magistrate Judge's *Report and Recommendation*. For the foregoing reasons, and for the reasons discussed in the Magistrate Judge's *Report and Recommendation*, the petitioner's objections are **OVERRULED.** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.** This action hereby is **DISMISSED.**

**IT IS SO ORDERED.**

    /s/ Gregory L. Frost
GREGORY L. FROST
United States District Judge